IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERT SIGNOR,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD,
a Liberian corporation,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT SIGNOR, by and through his undersigned attorney, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD ("RCCL"), for damages and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of $75,000.00, exclusive of costs, interest, and attorney's fees.

2. Plaintiff, ROBERT SIGNOR, is an adult and is a resident of the State of Connecticut.

3. RCCL is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.

4. This court has subject matter jurisdiction over this controversy because of the diversity of citizen pursuant to 28 USC §1332, and the damages claimed exceed $75,000.00.

5. At all material times, RCCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam*

jurisdiction over RCCL exists in the United States District Court for the Southern District of Florida.

6.  At all material times, RCCL has engaged in the business of operating maritime cruise vessels for paying passengers, such as Plaintiff.

7.  In the ticket contract between Plaintiff and RCCL, RCCL requires fare-paying passengers, such as Plaintiff, to bring any lawsuit against RCCL arising out of injuries or events occurring on the cruise voyage in the Southern District of Florida. Therefore, venue is proper in this court.

8.  Venue is also proper in this court because the Defendant's principal place of business is located within the Southern District of Florida.

9.  Plaintiff has complied with all conditions precedent to bringing this action. Plaintiff reported the incident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, Plaintiff provided RCCL with a timely written notice of claim as required under the RCCL ticket contract.

## LIABILITY AND DAMAGES

10.  At all material times, RCCL was engaged in the business of operating maritime cruise vessels for fare-paying passengers such as Plaintiff; and, for purposes of this action, RCCL operated, among other vessels, the M/S Allure of the Seas.

11.  Plaintiff was a fare-paying passenger aboard the Allure of the Seas for the voyage that departed the port of Fort Lauderdale, Florida, on July 1, 2018, and returned to port on July 8, 2018.

12.  At all material times, Plaintiff was lawfully aboard the Allure of the Seas as an invitee and fare-paying passenger.

13.  At all material times, RCCL owed Plaintiff a duty of reasonable care for his safety.

14.  On or about July 7, 2018, while aboard the Allure of the Seas as a fare-paying passenger,

Plaintiff was walking in an area of the ship near the Solarium pool, an area that was heavily traversed by fare-paying passengers and crew members.

15.     At that time and place, Plaintiff traversed an area of the vessel near the Solarium pool that RCCL knew or should have known had a likelihood of the presence of wet or slippery substances, but RCCL failed to undertake reasonable safety measures for passenger safety.

16.     At that time and place, Plaintiff traversed the area near the Solarium pool that had a wet and slippery substance on the floor that was not visible to Plaintiff; and, he slipped, fell, and was seriously injured as a result.

17.     The slippery or wet substance on the floor in the area where Plaintiff fell had existed for a sufficient period of time before Plaintiff's fall that RCCL had actual or constructive knowledge of its presence and an opportunity to correct or warn of it, or RCCL knew or should have known in the exercise of reasonable care that a wet or slippery substance posed a slip and fall hazard to passengers in the subject area, such as Plaintiff.

18.     As an alternative to the allegations of the foregoing paragraph, RCCL at all material times had actual or constructive knowledge of the potential for the presence of wet or slippery substances in the area where Plaintiff slipped and fell; and, RCCL knew or should have known in the exercise of reasonable care that a wet or slippery substance posed a slip and fall hazard to passengers in the subject area.

19.     As an alternative to the allegations of the preceding two paragraphs, RCCL created the wet or slippery surface and unsafe condition referenced above and was therefore negligent.

20.     Notwithstanding RCCL's creation of the wet or slippery condition or their actual or constructive knowledge or notice of the wet and slippery substance in the subject area, as well as the

consequent slip and fall hazard posed to passengers, RCCL knew or should have known of the wet, slippery or foreign substance, but failed to correct or adequately warn of the dangerous condition created by the wet, slippery, or foreign material before Plaintiff fell. RCCL is therefore liable for failure to exercise reasonable care for the safety of its passengers and was negligent.

21.     RCCL's negligent acts or omissions consist of one or more of the following:

   a.     Failing to maintain the floor in a reasonably safe condition;

   b.     Failing to use safe flooring surfaces and materials on or around the area where Plaintiff fell;

   c.     Failing to use non-skid or anti-slip materials on the area where Plaintiff fell;

   d.     Failing to conduct routine inspections of the area where Plaintiff fell for slipperiness or contaminants;

   e.     Failing to establish, implement, and enforce policies and procedures regarding the cleaning and maintenance of the area where Plaintiff fell;

   f.     Failing to warn Plaintiff that the area where he fell was slippery or dangerous;

   g.     Failing to correct the wet, slippery or foreign substance or condition;

   h.     Failing to warn Plaintiff of the slippery nature of the floor surface when contaminated by a wet, slippery or foreign substance;

   i.     Failing to adequately mark off the area where Plaintiff fell from the wet, slippery or foreign substance;

   j.     Failing otherwise to exercise reasonable care in managing or operating the area on the subject vessel where the incident occurred; and

   k.     Additional acts or omissions not yet discovered.

21.	As a direct and proximate result of one or more of the negligent acts or omissions described above, Plaintiff slipped, fell, and was injured in or about his body and extremities, suffered pain and suffering therefrom, sustained mental anguish, aggravation of preexisting injuries, disfigurement, disability, the inability to lead a normal life, and loss of enjoyment of life. Furthermore, he sustained loss of earnings and a loss of earning capacity in the past and future, incurred medical, hospital, and other out of pocket and healthcare expenses in the past and in the future as a result of his injuries. These damages are permanent or continuing in nature, and the Plaintiff will continue to suffer and incur these damages in the future.

WHEREFORE, Plaintiff prays the court enter judgment against RCCL for damages, costs, and such other and further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable as of right by a jury.

Dated:        June 25, 2019            RICHARD F. HUSSEY, P.A.
                                       Attorney for Plaintiff
                                       800 S.E. 3rd Avenue, 4th Floor
                                       Ft. Lauderdale, FL 33316
                                       (954) 462-7500; Fax (954) 520-7125
                                       Florida Bar No. 370088
                                       Primary: rick@husseylaw.com
                                       Secondary: lynne@husseylaw.com


                                       BY: /s/*Richard F. Hussey*
                                            RICHARD F. HUSSEY